UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDUARDO ALVAREZ,

          Petitioner,

                                    Case No. 19-cv-1874-pp

    v.

UNITED STATES OF AMERICA,

          Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DISMISSING
CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

## I.    Background

In March 2018, the grand jury returned an indictment charging the
petitioner, Afzal Ahmed, and John Galloway with one count of Hobbs Act
robbery in violation of 18 U.S.C. §1951 (alleging that they had robbed a Verizon
Wireless store by using actual and threatened violence, force and fear of
injury). United States v. Eduardo Alvarez, Case No. 18-cr-52 (E.D. Wis.), Dkt.
No. 1. The indictment also charged Ahmed and Galloway with using, carrying
and brandishing a firearm during and in relation to that crime of violence—a
crime that carried a mandatory minimum penalty. Id. In May of 2018, the
government obtained a superseding indictment that added the §924(c) charge
against the petitioner. Id. at Dkt. No. 30.

On June 29, 2018, the petitioner (represented by counsel, Attorney
Thomas Harris) signed a plea agreement. Id. at Dkt. No. 45. The plea

agreement was filed on July 5, 2018. The same day, the government filed an information charging only the petitioner with one count of Hobbs Act robbery in violation of 18 U.S.C. §1951(a) and one count of aiding and abetting another person's use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§924(c)(1)(A)(i) and 2. Dkt. No. 47.

The agreement stated that the petitioner was pleading to the two counts in the information. Dkt. No. 45 at ¶5. It provided that at sentencing, the government would dismiss the superseding indictment. Id. at ¶9. The agreement stated that the petitioner's attorney had fully explained the terms and conditions of the plea agreement to the petitioner. Id. at ¶3. In signing the agreement, the petitioner acknowledged, understood and agreed that he "[was], in fact, guilty" of both counts of the information, and stipulated to the facts underlying the charges. Id. at ¶¶5, 6. He acknowledged and agreed that his attorney had discussed the applicable sentencing guidelines with him. Id. at ¶14. The agreement described the elements that the government would have had to prove beyond a reasonable doubt at trial as to each count in the information, id. at ¶10, and stated that the petitioner had read and fully understood the nature and elements of the charges, id. at ¶3. It stated that the petitioner understood that "the sentencing guidelines recommendations contained in [the] agreement [did] not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range." Id. at ¶16.

2

The agreement stated that the parties—including the petitioner—acknowledged, understood and agreed that the petitioner "may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶26. Under the terms of the agreement, the petitioner waived "his right to appeal his sentence" and "his right to challenge his conviction or sentence in any postconviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. §2255." Id. at ¶35. The agreement clarified that "'sentence' means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order." Id. The agreement described the waiver of appellate rights in detail:

> The [petitioner's] waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the [petitioner] is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

Id. The petitioner acknowledged that "no threats, promises, representations, or other inducements [had] been made, nor agreements reached other than those set forth in" the plea agreement to induce him to plead guilty. Id. at ¶42. He declared that (1) he entered into the plea freely and voluntarily, (2) he was not under the influence of any drug, (3) his attorney had reviewed the entire plea agreement with him, (4) his attorney had advised him of the implications of the sentencing guidelines, (5) his attorney had discussed all aspects of the case

3

with him, and (6) he was satisfied that his attorney had provided effective assistance of counsel. Id. at 13 ("Acknowledgements). Attorney Harris signed the agreement the same day the petitioner did, averring that he "carefully reviewed every part of this agreement with [the petitioner]," and that to his knowledge, the petitioner's decision to enter into the plea agreement was "informed and voluntary." Id.

On July 30, 2018, the court held a change-of-plea hearing. Id. at Dkt. No. 54. The petitioner appeared in person with Attorney Harris. Id. at 1. The court's minutes reflect that the court (1) put the defendant under oath, reviewed the plea agreement with him and questioned him; (2) "recounted that Count One involved a maximum prison term of twenty years, a maximum fine of $250,000, and a maximum of three years of supervised release;" and (3) recounted that "Count Two carried a mandatory minimum prison term of five years and a maximum of life, to run consecutively to any other sentence. That count also carried a maximum fine of $250,000 and a maximum of five years of supervised release." Id. The court "found that the [petitioner] understood his trial rights, the penalties associated with the charges, the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence." Id. "The court also found that the [petitioner] entered the plea knowingly and voluntarily, without threats or promises." Id. "The court accepted the [petitioner's] plea of guilty, and found the [petitioner] guilty of the offense charged in the information." Id. "The court advised the [petitioner] of his right to be charged by indictment with the counts in the information; the [petitioner]

4

stated that he understood, and waived that right in open court, both orally and in writing." Id. at 2. At the end of the hearing, the court accepted the petitioner's guilty plea and found him guilty of the charges. Id.

On December 18, 2018, the court conducted a sentencing hearing. Id. at Dkt. No. 77. The petitioner appeared in person with Attorney Harris. Id. at 1. Attorney Harris confirmed that he and the petitioner had reviewed the presentence investigation report, the addendum to the presentence investigation report, the petitioner's sentencing memorandum and objections to the presentence investigation report. Id. The court explained that the sentencing guidelines in the presentence report were advisory, but that the law required the court to begin its sentencing analysis with those advisory guidelines and consider their application to the factors in §3553. Id. After the court considered sentencing enhancements and calculated an advisory sentencing guidelines range of 101 to 110 months, id. at 1-2, the parties gave their sentencing recommendations; the government recommended a total sentence of eight years, while the petitioner recommended a total sentence of five years and one day—the mandatory minimum plus a day. Id. at 3. The petitioner "spoke to the court on his own behalf." Id.

The court sentenced the petitioner to twenty months on Count One (the Hobbs Act robbery count) and sixty months on Count Two (the §924(c) count) to run consecutively to the sentence imposed on Count One, for a total sentence of eighty months. Id. at 2. After agreeing to recommend that the Bureau of Prisons place the petitioner in a facility as close as possible to the

5

Eastern District of Wisconsin, the court discussed potential credit toward the sentence and when the petitioner could begin to serve any remaining sentence. Id. at 3-4. At the end of the hearing, "[t]he court advised the [petitioner] that he had a right to appeal, that he had a limited time in which to do so, and that he should discuss his appeal rights with his attorney." Id. at 4. The court entered judgment on December 20, 2018. Id. at Dkt. No. 79.

A week after the sentencing hearing, Attorney Harris filed a document titled "Notice of Intent to Not Pursue Postconviction Relief." Id. at Dkt. No. 82. The document stated that "[the petitioner] and counsel [had] reviewed the applicable criteria and have concluded that no special or important reasons exist[ed] to merit review in this matter." Id.

About a year later, the petitioner filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. Alvarez v. United States, Case No. 19-cv-1874 (E.D. Wis.), Dkt. No. 1. He states two grounds for relief. He argues that he received ineffective assistance of counsel because his attorney failed to file an appeal after his sentencing. Id. at 6-7. And he asserts that his conviction and sentence violate the United States Supreme Court's decision in United States v. Davis, __ U.S. __ , 139 S. Ct. 2319 (2019). Id. at 7.

Because it plainly appears to the court that the petitioner's claims do not entitle him to relief under 28 U.S.C. §2255(a), the court will deny the motion to vacate, set aside or correct his sentence and dismiss the case.

6

## II.  Analysis

### A.  Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period. It appears the petitioner filed his §2255 motion within one year of his judgment becoming final under 28 U.S.C. §2255(f)(1).

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711,

7

713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." <u>Delatorre</u>, 847 F.3d at 843 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)).

If the petitioner raised the claim on direct appeal, the "law of the case" doctrine dictates that a Circuit Court of Appeals' decision becomes binding when that defendant later raises the same claim through a §2255 motion to vacate, set aside or correct a sentence. <u>Fuller v. U.S.</u>, 398 F.3d 644, 648 (7th Cir. 2005) (citing <u>United States v. Mazak</u>, 789 F.2d 580, 581 (7th Cir. 1986)).

B.    <u>Ineffective Assistance of Counsel Claim</u>

The petitioner asserts that Attorney Harris provided him with ineffective assistance of counsel. To prevail on a claim that trial counsel was ineffective, a petitioner must show that (1) his trial counsel's performance fell below objective standards for reasonably effective representation and (2) this deficiency prejudiced the petitioner's defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 688-94 (1984); <u>United States v. Jones</u>, 635 F.3d 909, 915 (7th Cir. 2011). The first prong of the <u>Strickland</u> test requires a petitioner to identify specific acts or omissions of trial counsel; the court then considers whether, in light of all of the circumstances, trial counsel's performance fell outside the range of "professionally competent assistance." <u>Wyatt v. United States</u>, 574 F.3d 455, 458 (7th Cir. 2009) (citing <u>Coleman v. United States</u>, 318 F.3d 754, 758 (7th Cir. 2003)). The prejudice prong requires a petitioner to show "a

8

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

The petitioner contends that Attorney Harris performed ineffectively when he failed to file a notice of appeal as the petitioner requested. Dkt. No. 1 at 6, 9. The petitioner states that after sentencing, he asked Attorney Harris to file an appeal because he "did not agree with the 924(c) or the Hobbs Act," but that Attorney Harris abandoned him. <u>Id.</u> at 6-7. The petitioner is not entitled to relief on this claim.

The Seventh Circuit has held that a waiver of §2255 relief in a plea agreement is enforceable, and that a court should treat it no differently than the waiver of a direct appeal. <u>See</u> <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999); <u>see also</u> <u>United States v. Perillo</u>, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'") (quoting <u>United States v. Sakellarion</u>, 649 F.3d 634, 638 (7th Cir. 2011)). A petitioner who waives his right to appeal may raise only two claims in a §2255 motion: (1) that the petitioner received ineffective assistance of counsel in negotiating the waiver; or (2) that the petitioner did not knowingly and voluntarily enter into the agreement. <u>Jones</u>, 167 F.3d at 1145. Representations made to a court during a plea colloquy are presumptively true. <u>Hurlow v. United States</u>, 726 F.3d 958, 968 (7th Cir. 2013) (quoting <u>United States v. Chavers</u>, 515 F.3d 722, 724 (7th Cir. 2008)).

The plea agreement and the plea colloquy demonstrate that the petitioner acknowledged that he was guilty of both the Hobbs Act robbery and aiding and

abetting another person using, carrying and brandishing a firearm during that robbery. Because the court presided over both the change-of-plea hearing and the sentencing hearing, the court is satisfied that the petitioner entered into the agreement voluntarily, knowingly and intelligently. The petitioner now claims that he did not "agree" with the crimes he admitted committing. That is not a basis for relief given his admissions in the plea agreement and at the plea colloquy and his waiver of his appellate rights. Because the petitioner has not alleged that his attorney was ineffective in negotiating the appellate waiver and because he cannot demonstrate that his plea was not knowing or voluntary, the court will not allow the petitioner to proceed on his ineffective assistance of counsel claim.

C.    United States v. Davis

The petitioner argues that his sentence and conviction violate United Davis, 139 S. Ct. 2319 (2019). Dkt. No. 1 at 7. He states that his Hobbs Act robbery conviction is "not a predicate offense under §924(c)(3)." Id. The petitioner argues that the court could have included the offense only under "the categorical approach and Nedley v. United States." Id. The petitioner raises this claim for the first time in the §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir. 1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 71 (7th Cir. 2013); *Gant v. United States*, 627

10

F.3d 677, 683 (7th Cir. 2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar this claim because the petitioner did not raise it before this court or the Seventh Circuit. But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley, 523 U.S. at 622). The petitioner easily can show cause for his failure to raise the Davis argument at trial or on appeal. The court sentenced the petitioner in December 2018 and the Supreme Court did not decide Davis until 2019. "A change in the law may constitute cause for procedural default if it creates 'a claim that is "so novel that its legal basis is not reasonably available to [trial or appellate] counsel."'" Id. (citing Bousley, 523 U.S. at 622). The Supreme Court decided Davis on June 24, 2019—seven months after the court accepted the petitioner's guilty plea and six months after the court imposed sentence. The Davis decision was not reasonably available to the petitioner or his attorney; he has stated cause for his default.

But the petitioner cannot show prejudice. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S. Ct. at 2324. The statute

11

defines a "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Section 924(c)(3)(A) is the "elements" clause; it defines a "crime of violence" as "an offense that is a felony" and "(A) has as an element the use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B) is the "residual" clause, and defines a "crime of violence" as "an offense that is a felony" and "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In Davis the Supreme Court held that the "residual" clause— §924(c)(3)(B)—was unconstitutionally vague, because it required a judge to imagine the "ordinary" circumstances of whatever the underlying crime may have been and then "guess" whether that crime would, "by its nature," involve a substantial risk that physical force against the person or property of another might be used in the course of committing it. See Davis, 139 S. Ct. at 2325-26.

The petitioner argues that his Hobbs Act robbery conviction "is not a predicate offense under 924(c)(3)(A) and could only be included only pursuant to 924(c)(3)(B) pursuant to the categorical approach and Nedley v. United States." Several times since the Supreme Court decided Davis, the Seventh Circuit Court of Appeals has rejected the argument that a Hobbs Act robbery is not a crime of violence under §924(c)(3)A). See United States v. Brown, 973 F.3d 667, 697 (7th Cir. 2020); Oliver v. United States, 951 F.3d 841, 847 (7th Cir. 2020); Velez v. United States, 793 F. App'x 453, 454 (7th Cir. 2020);

United States v. Ingram, 947 F.3d 1021, 1025-26 (7th Cir. 2020); United States v. Fisher, 943 F.3d 809, 815 (7th Cir. 2019); United States v. Fox, 783 F. App'x 630, 632 (7th Cir. 2019) ("[W]e have confirmed that a Hobbs Act robbery is a crime of violence under the still-valid 'elements clause' of §924(c)."); United States v. Rogers, 781 F. App'x 559, 560 (7th Cir. 2019); Haynes v. United States, 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under §924(c) because it has as an element the actual, attempted, or threatened use of force.").

The Seventh Circuit has had numerous opportunities since the Supreme Court's decision in Davis to change its position on whether Hobbs Act robbery constitutes a crime of violence under the elements clause of §924(c)(3)(A). It has not done so. Seventh Circuit decisions bind this court. The petitioner's conviction for Hobbs Act robbery is a crime of violence under the elements clause, §924(c)(3)(A). Because Davis does not entitle the petitioner to relief, he cannot show that he was prejudiced by his failure to raise it earlier before this court or on appeal. The court will deny the motion.

## III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or

13

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petitioner's motion to vacate, set aside or correct his sentence plainly does not entitle him to relief under 28 U.S.C. §2255(a).

## IV.    Conclusion

The court **ORDERS** that the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED with prejudice**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 10th day of December, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

14